21086. CITIZENS & SOUTHERN NATIONAL BANK,
executor, *v.* GEORGIA RAILROAD BANK.

DECIDED JUNE 9, 1931.

*Fleming & Fleming,* for plaintiff.
*Cumming & Harper,* for defendant.

LUKE, J. J. C. F. Clark, as executor of the will of Job A. A. W. Clark, filed in the superior court of Richmond county a bill in equity against the Georgia Railroad Bank, seeking to recover a pro rata share of $1608.24. A general demurrer was sustained, and the plaintiff took the case to the Supreme Court on exceptions to that judgment. Pending the proceedings in that court the death of the plaintiff, J. C. F. Clark, was suggested, and the suit was revived in the name of Citizens & Southern National Bank, as executor of his will. The case was transferred to this court by the Supreme Court with the following syllabus and statement of facts (171 *Ga.* 441):

"GILBERT, J. This is not a case of which this court has jurisdiction, under the provisions of art. 6, sec. 2, par. 5, of the constitution (Civil Code (1910), § 6502). The case is therefore transferred to the Court of Appeals, which court has jurisdiction. So ordered. All the Justices concur.

"'The exception is to a judgment sustaining a general demurrer and dismissing the petition of J. C. F. Clark, executor of the will of J. A. A. W. Clark, against Georgia Railroad Bank, which alleged that at the September term, 1929, of Richmond superior court

judgments in amounts specified were obtained by Clark, executor, and by the bank against Sutherland Manufacturing Company, and were duly entered on the general execution docket. These two plaintiffs in fi. fa. recognized that their judgments were of equal dignity. By agreement, certain funds arising from a sale by the sheriff of two pieces of real estate, property of the defendant in fi. fa., was prorated between Clark and the bank. On June 24, 1929, Fidelity-Philadelphia Trust Company, as trustee, filed its bill in equity in Richmond superior court, to foreclose a mortgage on the main plant of Sutherland Manufacturing Co. A receiver was appointed, sale made, and the net proceeds were prorated between Clark and the bank. This mortgage did not cover certain manufactured goods which were in the custody of the officers of Sutherland Manufacturing Co. Both Clark and the bank knew of the existence at the plant of some manufactured goods. With the acquiescence of both, the president of the manufacturing company, in good faith, sold described goods on December 11, 1929, at fair market price. Draft for the value of the goods, $1837.84, with invoice attached, was deposited with the bank, where the manufacturing company had for a number of years kept its account. Against this deposit checks were drawn by the president of the manufacturing company amounting to $226.90, and cashed by the bank, leaving $1608.24, which sum the bank, on December 13, 1929, appropriated to itself by applying it on a judgment which it had obtained at the November term, 1929, of Richmond superior court. The petition alleges that the goods so sold were subject to the equal liens of the judgments obtained by Clark and the bank at the September term of court, and that in equity and good conscience the net proceeds, $1608.24, should be prorated between them. The prayer is for judgment against the bank for the proportion of the $1608.24 alleged to be due Clark, executor."

It is evident from the record before us and from the memorandum filed by the Supreme Court (which is here adopted as a statement of the case) that the plaintiff instituted his suit and prosecuted his writ of error upon the theory that he had some right cognizable in a court of equity. Since the Supreme Court, which has exclusive jurisdiction of writs of error in equity cases, has decided that no jurisdiction of the cause exists in that court, and it does not appear to this court that the plaintiff has stated a cause of action at law,

the judgment of the superior court sustaining the demurrer and dismissing the petition must be affirmed.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*